UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
Greenbelt Division

HOPE LEE-THOMAS  :
4412 Dubois Place, S.E.  :
Washington, D.C. 20019  :
                  Plaintiff,  :
    v.  :    CASE No. _____
  :
Association of Classified Employees,  :
American Federation of State,  :
County and Municipal Employees,  :
AFL-CIO, Local 2250, Inc.  :
14440 Old Mill Road  :
Upper Marlboro, MD 20772  :
                  Defendant.  :

## COMPLAINT

The Plaintiff, Hope Lee-Thomas, by and through her undersigned attorney, L. Jeanette Rice of Walsh, Becker & Rice, files this Complaint and in support thereof states as follows:

### PARTIES

1. The Plaintiff is an adult resident of the District of Columbia.

2. The Plaintiff is an African-American female.

3. The Plaintiff suffers a significant hearing impairment.

4. The Defendant, the Association of Classified Employees, American Federation of State, County, and Municipal Employees, AFL-CIO, Local 2250, Inc. ("ACE AFSCME Local 2250"), is an incorporated union for the employees of Prince George's County Public Schools located in Upper Marlboro, Maryland.

5. That at all times relevant to this Complaint, the Plaintiff was employed as a para professional for the Prince George's County Public Schools system and a member of ACE AFSCME Local 2250.

## JURISDICTION AND VENUE

6. This is an action filed pursuant to American with Disabilities Act of 1990 as amended, 42 U.S.C. § 12101 et seq., (the "ADA") for failure to accommodate the Plaintiff.

7. Equitable and other relief is sough under 42 U.S.C.§ 2000e-5.

8. This Court has federal question jurisdiction over the ADA claims asserted herein pursuant to 28 U.S.C. §1331, 42 U.S.C. § 12188 and 42 U.S.C. § 12117.

9. Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) in that this is the judicial district in which the acts and omissions giving rise to the claims occurred.

## COUNT I

10. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

11. That the Plaintiff suffers from a permanent disability in that her hearing is severely impaired. The Plaintiff is able to communicate using a combination of American Sign Language and lip reading.

12. That from 2015 to November 2016, the Plaintiff requested reasonable accommodations for her hearing disability from the Defendant when Plaintiff was attending member meetings.

13. In particular, the Plaintiff requested a certified American Sign Language Interpreter who could also articulate so that she could lip read to assist her during membership meetings.

14. Despite numerous requests from the Plaintiff, from 2015 to the date of this Complaint, the Defendant has refused and failed to provide reasonable accommodations to the Plaintiff which are required for her participation in the membership meetings.

15. That the Defendant's failure to accommodate the Plaintiff was intentional and willful.

16. That the failure of the Defendant to accommodate the Plaintiff's hearing disability is a violation of the American with Disabilities Act of 1990 as amended.

17. That on or about October 30, 2016, the Plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission.

18. That on or about January 19, 2018, the U.S. Equal Employment Opportunity Commission issued the Plaintiff a notice of right to sue. Attached hereto is that Notice of Suit Rights.

19. That the Plaintiff received the Notice of Suit Rights on or about January 26, 2018.

20. That if the relief sought was not granted, the Plaintiff will be irreparably denied the rights secured by the Americans with Disabilities Act of 1990 as amended.

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Enter a Declaratory Judgment that the Defendant was in violation of the specific requirements of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant took no action to provide the Plaintiff with reasonable accommodations by providing a certified American Sign Language Interpreter who is able to articulate during member meetings;

B. Issue a permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504 (a) which directs the Defendant to take all steps necessary to provide the Plaintiff with reasonable accommodations at union meetings by providing a certified American Sign Language Interpreter who will sign and articulate during meetings;

C. Award her punitive damages in the amount of One Million Dollars ($1,000,000.00);

D. Order the Defendant to pay the Plaintiff attorney's fees and costs; and

E. Grant such other relief the Court deems just, equitable and appropriate.

## JURY DEMAND

Plaintiff, Hope Lee-Thomas hereby demands a jury trial on all Counts contained in this Complaint.

By Counsel:

_____
L. Jeanette Rice, Esquire, 12933
WALSH, BECKER & RICE
14300 Gallant Fox Lane, Suite 218
Bowie, MD 20715
Tel. (301) 262-6000
riceesq@att.net
Attorney for Plaintiff